**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Barbara Ann Bowen, | No. CV-25-04608-PHX-JJT |
| Appellant, | **ORDER** |
| v. | |
| Lawrence Warfield, | |
| Appellee. | |

This appeal remains unperfected on account of myriad procedural mishaps and certain misrepresentations by *pro se* Appellant Barbara Ann Bowen.

After the Court first warned Appellant that defects in the appeal prevented the Court from considering it (Doc. 15), Appellant filed a signed Notice with the Court that she had complied with all appellate requirements, including because she "filed and/or mailed to the United States Bankruptcy Court for the District of Arizona" the "[a]pplicable appellate and transcript-related fees payable to both the Bankruptcy Court and the United States District Court," which statement she placed in bold print in the Notice. (Doc. 16 at 1.) Appellant never thereafter informed the Court that she had made a material misrepresentation to the Court and that she had in fact not paid the "applicable appellate and transcript-related fees."

Subsequently, she filed a "Motion to Proceed In Forma Pauperis," which the Court denied because it contradicted her signed statement that she had paid the applicable fees. (Doc. 23.) She again did not file anything with the Court to suggest it was wrong in taking her first statement at face value.

Now, she has filed yet another contradictory motion to request that the transcripts be prepared at government expense under 28 U.S.C. § 753(f) because she cannot afford to pay for them. This again is inconsistent with her initial statement to the Court that she had paid the applicable transcript-related fees, and she again does not attempt to correct her initial statement.

It is apparent to the Court that Appellant did indeed misrepresent to the Court that she had paid the applicable fees, including for the transcripts required for appellate review, in order to try to convince the Court that this appeal is perfected. (Doc. 16.) Such a lack of candor is ordinarily met by this Court with sanctions. The situation Appellant has placed her own appeal in is of her own making, made worse by the fact that the Court stated in its previous Order that it understood from her representations that she had paid the applicable filing and transcript-related fees (Doc. 23), and she still has yet to explain to the Court that what she stated to the Court was not true or why she made that statement in a signed paper filed with the Court. The Court can only glean from the recent filings (Docs. 25, 27) that Appellant has not paid for the required transcripts (nor perhaps the filing fee), as she said she had, and she now asks the United States to do so.

The statute Appellant makes her request under, 28 U.S.C. § 753(f), does authorize the United States to pay the transcript fees if the Court has authorized a party to proceed *in forma pauperis* (IFP) under 28 U.S.C. § 1915. The Court has made no such authorization here.[1] The form for an IFP application in this Court can be found on the Court's website, www.azd.uscourts.gov, under "Rules, General Orders & Forms," then "Forms," then Form AO 239. The Court will permit Appellant one last opportunity to honestly explain to the Court the status of payment of the filing fee and transcript fees and, as appropriate, file an IFP application using the Court's Form AO 239.

Pursuant to any request by Appellant to proceed IFP in this matter, under 28 U.S.C. § 1915(e)(2), the Court must dismiss the appeal if it finds, among other things, that it is frivolous or fails to state a claim on which relief may be granted. To that end, the Court

---

[1] The Court denied Appellant's former attempt to proceed IFP because she had told the Court she paid all applicable fees. (Docs. 21, 23.)

- 2 -

notes again that, as the Trustee has pointed out to the Court (Doc. 19 at 2–3), Appellant filed the present putative appeal only in the case before the Bankruptcy Court in which Bankruptcy Judge Collins denied her request for discharge, and not the case in which Judge Collins denied the homestead exemption claimed by Appellant. (*See* Doc. 16.) Thus, only the former ruling would be before this Court even if the appeal had been perfected, and the time to appeal the latter ruling has passed. As a result, the Court finds that the portion of Appellant's putative appeal challenging "[t]he denial of Appellant's homestead exemption," as expressed in her Notice of Appeal (Doc. 1 at 5), is frivolous.

**IT IS THEREFORE ORDERED** denying Appellant's Motion for Preparation of Transcript at Government Expense Pursuant to 28 U.S.C. § 753(f) (Doc. 25).

**IT IS FURTHER ORDERED** that Appellant may file an Application to Proceed In Forma Pauperis using the Court's Form AO 239 by **April 10, 2026**. By the same date, Appellant shall file a Notice honestly stating whether she has paid the applicable filing and transcript-related fees to the Court and, if not, explaining her prior statement to the Court (Doc. 16) that she had already paid the applicable filing and transcript-related fees. Failure to timely comply will result in dismissal of this appeal.

Dated this 1st day of April, 2026.

Honorable John J. Tuchi
United States District Judge